**Cleo HOUSTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41020.**

Court of Criminal Appeals of Texas.

April 24, 1968.

Charles W. Fairweather, Amarillo, for appellant.

Gene Compton, Dist. Atty., Wayne D. Meissner, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is robbery with firearms; the punishment, twenty-five years.

As a ground of error, the appellant challenges the sufficiency of the evidence.

O. F. Duncan, a taxi cab driver, testified that in response to a call for a taxi he picked up two men about 7:45 p.m., at a street intersection which was well lighted. While testifying, Duncan identified the appellant who got in the taxi which had two dome lights, and on arriving at their destination he turned the dome lights on to make change; that he could see the appellant, and that at this time the following occurred:

"A He (appellant) gave me a ten dollar bill to pay the fare, and I in turn started to give him his change, reached in my pocket and gave him

a dime, and he says, 'that's a ten dollar bill that I gave you,' and I says, 'I am aware of that', and reached in my pocket for my wallet to give him the rest of the change, and at that time he says, 'hand it over', and I looked around and he had a gun pointed right at me. I says, 'what is this, a stick-up'? I says, 'well, I am not going to go for any shooting, I am not going to go for that', and that is when he started shooting. He shot me once in the right chest, once in the left arm, twice in the right arm, in the cab— we were all fighting and he started to shooting, and so I hit him in the face and head, with my microphone; I don't know when the other one, the second fellow that got in the car, left the car, but he took off. All of a sudden he (appellant) reached over and grabbed the ten-dollar bill off the clip board and I started getting out of the cab; and when I got out of the cab my wallet that I had in my hand dropped on the ground. He (appellant) jumped out of the cab and ran around the cab and shot me in the right shoulder, and came up and pushed me down, and grabbed my wallet and ran."

Duncan further testified that the appellant shot him with a .25 automatic pistol; that he put him in fear of his life and serious bodily injury, and took more than twenty dollars of his money from him without his consent and against his will.

■ The testimony of the state further reveals that a .25 automatic bullet was found in the left door of the taxi; that the appellant was in possession of a .25 automatic pistol shortly before and at the time of the robbery; that after the robbery the appellant, by telephone, directed a friend to get the pistol and get rid of it; that after the pistol was obtained it was delivered to Deputy Sheriff Jackson, and it was determined by a firearm examiner that the bullet found in the door of the taxi was fired from the pistol which the appellant had just before the robbery.

The ground of error is overruled.

 Another ground of error is that the state did not prove that the alleged offense occurred within the State of Texas.

At the close of the evidence, the trial court refused to grant appellant's motion for an instructed verdict of not guilty on the ground that there was no evidence that the offense was committed in this state.

The evidence shows that the alleged offense was committed within Potter County where this trial was had.

This court takes judicial notice of the fact that Potter County is within the jurisdiction of the State of Texas. Curry v. State, 111 Tex.Cr.R. 264, 12 S.W.2d 796.

This ground of error is overruled.

The judgment is affirmed.